1  GARMAN TURNER GORDON LLP
   WILLIAM M. NOALL, ESQ.
2  Nevada Bar No. 3549
   E-mail:  wnoall@gordonsilver.com
3  650 White Drive, Ste. 100
   Las Vegas, Nevada 89119
4  Telephone (725) 777-3000
   Facsimile (725) 777-3112
5  *Attorneys for Trustee, Craig Wyosnick*

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                      **FOR THE DISTRICT OF NEVADA**

   In re:                                    | Case No. 08-52080-GWZ
9                                            | Chapter 7
   CHAPEAU, INC.,
10
                    Debtor.                   | Date:    October 6, 2015
11                                            | Time:   2:00 p.m.

12            **CHAPTER 7 TRUSTEE'S INTERIM CASE STATUS REPORT**

13         Craig Wyosnick, chapter 7 trustee (the "Trustee") in the above-captioned case ("Case"),

14  by and through his undersigned counsel, hereby submits his *Chapter 7 Trustee's Interim Case*

15  *Status Report*.

16      **A.    The Commencement of the Case**

17           1.    The Case was commenced under chapter 11 on October 31, 2008

18  ("Petition Date").  At that time, the Debtor was primarily engaged in developing, constructing

19  and marketing alternative energy generation equipment and related services.

20      **B.    The First Two Months of the Case**

21           2.    On the Petition Date, the Debtor's proposed counsel filed a motion to sell

22  substantially all of the Debtor's assets free and clear of liens ("Sale Motion"), [See ECF No. 6]

23  which was opposed. e.g., [See ECF No. 23]

24           3.    On November 19, 2008, the Debtor filed a motion to convert the case from

25  chapter 11 to chapter 7, [See ECF No. 48] as well as a motion for use of cash collateral, [See

26  ECF No. 47] and a motion for appointment of a trustee was also filed by a creditor.  [See ECF

27  No. 53]

28           4.    On November 24, 2008, the Debtor filed a motion for order approving

debtor in possession financing, [See ECF No. 75] and on November 26, 2008, a motion was filed by Tefco, LLC seeking relief from the automatic stay. [See ECF No. 86]

5. Following hearings, on December 1, 2008, the Court denied the Sale Motion [ECF No. 95] and the following day it ordered conversion of the case to chapter 7. [ECF No. 96]

6. The Trustee was appointed as chapter 7 trustee on December 2, 1008. [ECF No. 99] About this time, Saga Capital and others filed a motion for relieve from the automatic stay. [See ECF No. 112] The Trustee opposed the Tefco and Saga motions for relief from the automatic stay. [See ECF No. 166 and ECF No. 152] However, following a hearing, the Court granted Tefco's motion for relief from the automatic stay on January 16, 2009. [See ECF No. 186]

C. **Liquidation of Avoidance Claims**

7. Following litigation with equipment lender Cummins West, Inc., the Trustee assessed the material assets of the estate and determined that they consisted only of legal claims for relief. Accordingly, the Trustee commenced a number of adversary proceedings seeking avoidance and turnover of funds, all of which cases were settled and resolved. [See, ECF No. 368-384, and related entries]

D. **The Current Ongoing Proceedings**

8. Subsequent to the foregoing, and certain other general administrative matters reflected on the docket, the Trustee was left with declarative claims he inherited which were plead in two (2) complaints which had been filed prior to the Petition Date. The Trustee sought counsel who was willing to pursue the claims and ultimately retained the law firm of Mendel Blumenfeld, LLP and Palmer Kazanjian Wohl Hodson LLP as special counsel. [See, ECF No. 462 and 587] The only known material, uncollected remaining assets of the estate are the overlapping claims for relief asserted in these two pending cases that are pending in two separate jurisdictions. The first case is styled Saga Capital Management, LLC v. Chapeau, Inc. et al., Case No. PC-20080538, which is pending in the Superior Court of California, County of El Dorado ("California Action"). The Trustee's California counsel for this case is Christopher

Wohl.  The second case is styled <u>Saga Capital Management, LLC v. Chapeau, Inc. et al.</u>, Case No. 080920881, which is pending in the Third Judicial District Court of Salt Lake County, State of Utah ("<u>Utah Action</u>" and together with the California Action, the "<u>Actions</u>").

9.       The general procedural background of the Actions is that the California Action was filed first, but the California court was unwilling or unable to rule on emergency relief sought in the complaint. So about a month later, the Utah Action was filed.  The court in the Utah Action subsequently stayed that action pending resolution of the California Action.

10.       In approximately May of 2013, the Trustee sought to amend the complaint in the California Action to add some new parties and additional claims (which were included in the Utah Action but not included in the California Action).  The defendants opposed leave to file the amended complaint.  The California Court denied the motion to amend.

11.       The Trustee then determined to proceed in Utah.  He requested that the Utah Court terminate its stay and reinstate and proceed with the Utah Action. The defendants, opposed this motion.[1].  Following a hearing, the Utah Court did not terminate the stay and ruled that the Trustee had to first proceed in the California Action.

12.       The Trustee then filed a new motion to amend the complaint in the California Action, which was again opposed by the defendants.  Although the California Court has yet to enter an order, it adopted its tentative ruling which granted the Trustee's motion for leave to amend.  A copy of the tentative ruling is attached hereto.

13.       Finally, the Trustee and the Defendants in the California action have over the past several days tentatively agreed to proceed to mediation.  Negotiations are ongoing to select a mediator and the location and the time for the mediation.  Based upon the current discussion between counsel, the Trustee believes the parties should be able to engage in mediation over the few months in an attempt to settle the Actions.

## Conclusion

---

[1] At roughly the same time, the defendants sought to dismiss the California Action because it was not brought to trial within six years of filing.  This motion was not granted because the California Action had been stayed for almost all of the six-year period.

1    In view of the foregoing, the Trustee requests that the Court set the matter over for a

2 further status check at the end of the first quarter 2016.

3    DATED this ___4TH___ day of October, 2015.

4                                        GARMAN TURNER GORDON LLP

5                                        By: _____

6                                        WILLIAM M. NOALL, ESQ.
                                         650 White Drive, Ste. 100
7                                        Las Vegas, Nevada 89119
                                         *Attorneys for Trustee, Craig Wyosnick*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Law and Motion Calendar – Department Nine (8:30 a.m.)**          **October 1, 2015**

1.  **SAGA CAPITAL, INC. v. CHAPEAU, INC.  PC-20080538**

    **Plaintiff's Motion for Leave to File 1st Amended Complaint.**

    Saga Capital, Inc. moves for leave to file a 1st amended complaint to add new plaintiffs, add several defendants, remove defendant Chapeau, Inc., and assert new claims that were initially brought in an action plaintiff filed in Utah in 2008 on the ground that on October 23, 2008 the Utah Court stayed the action based upon defendants' representation that all parties would appear and all claims would be addressed in the instant California action; the conduct sought to be enjoined in the Utah action took place, thereby changing the equitable claims to legal claims for damages, which arise directly from the conduct sought to be enjoined in the California and Utah actions; and the facts relating to those claims were discovered largely during the initial pendency of the two actions and came to fruition during the bankruptcy proceedings of defendant Chapeau, Inc.

    Defendants Smith, Medearis, and Tomkins oppose the motion on the following grounds: there has been a lengthy, unexplained delay in bringing the motion; the motion violates Rules of Court, Rules 3.1324(a)(2) and 3.1324(a)(3) by failing to identify what allegations of the original pleading are deleted by the amendment and failing to identify what allegations of the new pleading are being added to the original pleading; and the declaration in support of the motion fails to comply with Rules of Court, Rule 3.1324(b).

    Plaintiff replied to the opposition.

    <u>Procedural Issues</u>

    "A motion to amend a pleading before trial must: ¶ * * * (2) State what allegations in the previous pleading are proposed to be deleted, if any, and where, by page, paragraph, and line number, the deleted allegations are located; and ¶ (3) State what allegations are proposed to

1

be added to the previous pleading, if any, and where, by page, paragraph, and line number, the additional allegations are located." (Rules of Court, Rules 3.1324(a)(1) and 3.1324(a)(2).)

"A separate declaration must accompany the motion and must specify: ¶ (1) The effect of the amendment; ¶ (2) Why the amendment is necessary and proper; ¶ (3) When the facts giving rise to the amended allegations were discovered; and ¶ (4) The reasons why the request for amendment was not made earlier." (Rules of Court, Rule 3.1324(b).)

Plaintiff filed a declaration in support of the motion and submitted a proposed 1st amended complaint.

In concluding that mere noncompliance with court rules does not prevent a court from reaching the merits of a motion, an appellate court has held: "Noncompliance with such rules, to which no penalty was attached, did not prevent the court from hearing and disposing of the demurrer. *Wigman v. Superior Court*, 74 Cal. App. 132, 239 P. 427. See, also, *Five States Timber Co. v. Dwinnell*, 54 Cal. App. 113, 203 P. 410. In absence of any showing to the contrary, it will be presumed that the court disregarded its rules for sufficient cause and to subserve the ends of justice, as it had the power to do. *Connell v. Higgins*, 170 Cal. 541, 150 P. 769." (Johnson v. Sun Realty Co. (1934) 138 Cal.App. 296, 299.)

Rule 3.1324 does not provide for a penalty for failure to comply with its requirements. Though not a model declaration in support of the motion for leave to amend, and despite the lack of specification of the amendments by page, paragraph, and line number, the declaration together with the proposed amended complaint provide sufficient information to both the court and opposing defendants to address the request on its merits. The court will reach the merits of the motion and address the claim of undue delay in seeking leave to amend.

**Law and Motion Calendar – Department Nine (8:30 a.m.)**          **October 1, 2015**

Delay in Seeking Leave to Amend

    Defendants assert that the following facts establish inexcusable delay in seeking leave to amend: plaintiff Saga Capital, LLC obtained leave from the Bankruptcy Court to pursue this action in June 2011; plaintiff delayed filing the instant motion for over four years after being granted leave to pursue the action; after first representing to the court on July 12, 2012 that such a motion would be filed within a few weeks, plaintiff waited more than three years to file the instant motion; the court denied plaintiff's prior motion for leave to amend over 2 ½ years ago on May 23, 2013; 18 months after denial of the first motion plaintiff unsuccessfully sought to lift the stay on the Utah action, which was denied more than eight months ago; and plaintiff should be required to provide specific facts to explain the delay in bringing this motion.

    Plaintiff's counsel explains in the declaration in support of the motion the following: the bankruptcy, California action and Utah action were stayed in 2008 so the claims could not be added to the California action; the stay was apparently lifted by the filing of plaintiff's first motion seeking leave to file the amended complaint in the California action; after the court denied the first motion for leave to amend on May 23, 2013, plaintiffs filed a motion in the Utah action to lift the stay and defendants opposed the motion on the grounds that the case should proceed in California and the issues with the amended complaint in California were merely procedural; the Utah Court denied the motion to lift the stay on March 3, 2015; plaintiffs remain willing to try the entire case in either Utah or California and despite the representations to the Utah court, defendants remain unwilling to stipulate to the filing of the proffered 1st amended complaint; and the 1st amended complaint is necessary and proper, because it brings all of the allegations in this forum and properly aligns the parties. (Declaration of Thomas Wicker in Support of Motion, paragraphs 16, 21, and 24.)

3

"A trial court's exercise of discretion with respect to amendment of pleadings should be upheld unless clearly abused. (*Nelson v. Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 139, 89 Cal.Rptr. 540.) Where inexcusable delay and probable prejudice to the opposing party is indicated, the trial court's exercise of discretion in denying a proposed amendment should not be disturbed. (Ibid; *Hayutin v. Weintraub* (1962) 207 Cal.App.2d 497, 507-509, 24 Cal.Rptr. 761.)" (Estate of Murphy (1978) 82 Cal.App.3d 304, 311.) "' *In People ex rel. Dept. Pub. Wks. v. Jarvis* (274 Cal.App.2d 217, 79 Cal.Rptr. 175) Supra, the court, in upholding a denial of leave to amend made 16 months after the complaint had been filed and after a pretrial conference, noted: 'The trial court is entitled to be 'skeptical of late claims' (*Plummer v. Superior Court*, supra, ((1963) 212 Cal.App.2d 841 (28 Cal.Rptr. 294)) at p. 844); and long-deferred presentation of a proposed amendment, without a showing of excuse for the delay, is a significant factor in support of the trial court's discretionary denial of leave to amend. (Citation.)' . . .'" (Huber, Hunt & Nichols, Inc. v. Moore (1977) 67 Cal.App.3d 278, 293.)

The court notes that the court's file reflects that on August 30, 2012, nearly seven months prior to the filing of the first motion for leave to amend counsel advised the court that the Bankruptcy Court had given permission for the case to proceed and on November 1, 2012, over four months prior to the filing of the first motion for leave to amend, counsel advised the court the motion for leave to amend would be filed within the next ten days. The court further notes that plaintiffs waited until October 31, 2014 to seek to lift the stay in Utah and attempt to litigate the new claims against the new parties in the Utah action, which was denied on March 3, 2015; and the instant motion was then filed over five months later on August 26, 2015. While plaintiff's counsel's declaration attempts to explain some of the delay due to stays of the actions and an attempt to proceed in Utah on the claims sought to be added to the California action against the parties sought to be added to the California action, the explanation fails to

4

address the lengthy delays in seeking to either move forward in Utah or correct the deficiencies that the court raised in its prior order denying the first motion for leave to amend.

Although there are lengthy periods of unexplained delay that can support the court exercising its discretion to deny the motion, the court is not mandated to deny motions for leave to amend solely where there is a length delay. Probable prejudice to the opposing party plays an important role in the court's exercise of discretion to either grant or deny leave to amend. The court will address the probable prejudice to defendants in proceeding on all claims against all defendants in California in light of the totality of circumstances, including the circumstances related to the Utah court's order that the claims should proceed in California and the Utah court's rationale for denial of the motion to lift the Utah court stay after defendants argued in opposition that there are correctable procedural issues that can be resolved in the California case.

There is a general policy in this state of great liberality in allowing amendment of pleadings at any stage of the litigation to allow cases to be decided on their merits. (Kittredge Sports Co. v. Superior Court (1989) 213 Cal.App.3d 1045, 1047.) "...it is a rare case in which 'a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case.' (Citations omitted.) If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion. (Citations omitted.)" (Morgan v. Superior Court (1959) 172 Cal.App.2d 527, 530.)

Even assuming there was an unreasonable delay in seeking leave to amend, it is an abuse of discretion to deny leave to amend where the opposing party was not misled or was not

prejudiced by the proposed amendment. (Kittredge Sports Co. v. Superior Court (1989) 213 Cal.App.3d 1045, 1048.)

Defendants' opposition makes no claim of prejudice in allowing the amendment and merely argues there is a lengthy, unreasonable delay in seeking leave to amend in this case, particularly after the court denied the first motion over two years ago.

The Utah court's rationale for granting a stay in that action pending the resolution of the California case was that the two cases involve substantially the same parties, substantially the same issues, the same operative set of facts, both cases essentially seek the same relief, and the Utah court stay will discourage multiple litigation in separate forums on substantially the same issues, operative facts, and parties. (Defendants' Request for Judicial Notice, Exhibit A – Transcript of Utah Court Proceedings and Court Order on October 23, 2008, pages 5-7.) The formal order entered on December 1, 2008 made findings and orders consistent with the order issued in court on October 23, 2008 and further stated: the California case was initiated first; discovery commenced and is proceeding in the California case; California Corporations Code, § 709 provides a remedy encompassing all of the relief sought by plaintiffs in the later filed Utah litigation; there is no good cause for maintaining two separate actions; a stay of the Utah action would avoid multiple litigation and potential conflict between the California Court and Utah court; the stay is appropriate in light of the fact the first case filed was in California and is somewhat more mature than the Utah case; and there is no reason why the California court would not be able to properly interpret and apply Utah law as required to determine the parties' pending claims. (Defendants' Request for Judicial Notice, Exhibit B- Amended Findings of Fact, Conclusions of Law and Order Staying Litigation, pages 5-7.)

The Utah court also denied plaintiff's request to lift the stay by order dated March 11, 2015 on the following grounds: the California action is further advanced; plaintiffs chose to file the

action first in California; plaintiffs have not actively pursued the California litigation; the court was not persuaded that plaintiffs' failure or neglect to take action in the California action is good reason to justify lifting the stay in the Utah action; and plaintiffs should pursue their requested relief in California and take the matter seriously. (Defendants' Request for Judicial Notice, Exhibit D, pages 2 and 3, paragraphs 3-6.)

In light of the court proceedings in each State and totality of the circumstances, the court finds that probable prejudice to defendants has not been shown, or even claimed, and the opposing parties were not misled as to where the claims brought against the various defendants in both actions would eventually be determined, particularly since it is uncontested that defendants argued in Utah that the stay should not be lifted, because the case should proceed in California and the issues with the amended complaint in California were merely procedural, and the Utah court affirmatively held in its denial of the motion to lift the stay that the entire action should be actively pursued in California.

The motion is granted.

TENTATIVE RULING # 1: PLAINTIFF'S MOTION FOR LEAVE TO FILE A 1ST AMENDED COMPLAINT IS GRANTED. THE PLAINTIFF IS TO FILE AN EXECUTED 1ST AMENDED COMPLAINT AS A SEPARATE DOCUMENT, RATHER THAN AS AN EXHIBIT TO THE MOVING PAPERS. THE 1ST AMENDED COMPLAINT IS DEEMED SERVED ON DEFENDANTS SMITH, MEDEARIS, AND THOMPKINS. NO HEARING ON THIS MATTER WILL BE HELD (LEWIS V. SUPERIOR COURT (1999) 19 CAL.4TH 1232, 1247.), UNLESS A NOTICE OF INTENT TO APPEAR AND REQUEST FOR ORAL ARGUMENT IS TRANSMITTED ELECTRONICALLY THROUGH THE COURT'S WEBSITE OR BY TELEPHONE TO THE COURT AT (530) 621-6551 BY 4:00 P.M. ON THE DAY THE TENTATIVE RULING IS ISSUED. NOTICE TO ALL PARTIES OF AN INTENT TO APPEAR

Law and Motion Calendar – Department Nine (8:30 a.m.)                    October 1, 2015

MUST BE MADE BY TELEPHONE OR IN PERSON. PROOF OF SERVICE OF SAID

NOTICE MUST BE FILED PRIOR TO OR AT THE HEARING.  MATTERS IN WHICH THE

PARTIES' TOTAL TIME ESTIMATE FOR ARGUMENT IS 15 MINUTES OR LESS WILL BE

HEARD ON THE LAW AND MOTION CALENDAR AT 8:30 A.M. ON THURSDAY,

OCTOBER 1, 2015 IN DEPARTMENT NINE  UNLESS OTHERWISE NOTIFIED BY THE

COURT.  ALL OTHER LONG CAUSE ORAL ARGUMENT REQUESTS WILL BE SET FOR

HEARING WITHIN TEN COURT DAYS OF THE ISSUANCE OF THE TENTATIVE RULING.

(EL DORADO COUNTY SUPERIOR COURT LOCAL RULES, RULE 7.10.05, et seq.)